**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ANTHONY R. BIAFORE, | : | |
| | | Civil Action No. 08-2539 (JBS) |
| Petitioner, | : | |
| | | |
| v. | : | **OPINION** |
| | | |
| J. GRONDOLSKI, Warden, | : | |
| | | |
| Respondent. | : | |

**APPEARANCES:**

Petitioner <u>pro se</u>
Anthony R. Biafore
F.C.I. Fort Dix
P.O. Box 2000
Fort Dix, NJ 08640

**SIMANDLE**, District Judge

Petitioner Anthony R. Biafore, a prisoner currently confined at the Federal Correctional Institution at Fort Dix, New Jersey, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241[1] and an application to proceed in forma pauperis

---

[1] Section 2241 provides in relevant part:

(a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions.
(c) The writ of habeas corpus shall not extend to a prisoner unless-- ... (3) He is in custody in violation of the Constitution or laws or treaties of the United States ... .

pursuant to 28 U.S.C. § 1915(a).  The sole respondent is Warden J. Grondolski.

Based on his affidavit of indigence, the Court will (1) grant Petitioner's application to proceed in forma pauperis and direct the Clerk of the Court to file the Petition.  Because it appears from a review of the Petition that Petitioner is not entitled to issuance of the writ, the Court will dismiss the Petition.  See 28 U.S.C. § 2243.

## I.  BACKGROUND

Petitioner asserts that he is confined pursuant to a sentence of 57 months' imprisonment.  He states that he began experiencing pain in December 2007 and that prison medical personnel have diagnosed a hernia and scheduled him for surgery.  Petitioner alleges that because of his concerns about neglectful aftercare by prison medical personnel, on or about March 31, 2008, he executed a "refusal form" to obtain answers to his questions about aftercare, but that he noted on the form that it was not a refusal.  Petitioner does not state what has happened with respect to his medical care or answers to his questions since he executed the "refusal form."

Petitioner also alleges that certified mail about his medical care, that he sent to Senator Edward Kennedy, disappeared from the mail room.

Petitioner seeks a transfer to a medical facility or, in the alternative, early release so that he can obtain adequate medical treatment.

## II.   STANDARDS FOR A SUA SPONTE DISMISSAL

United States Code Title 28, Section 2243 provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.  See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).  Nevertheless, a federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief.  See Lonchar v. Thomas, 517 U.S. 314, 320 (1996); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989). See also 28 U.S.C. §§ 2243, 2255.

III.  ANALYSIS

This court lacks jurisdiction in habeas to hear Petitioner's claim of inadequate medical care.  Accordingly, the Petition will be dismissed without prejudice for lack of jurisdiction.

A habeas corpus petition is the proper mechanism for a prisoner to challenge the "fact or duration" of his confinement, Preiser v. Rodriquez, 411 U.S. 475, 498-99 (1973), including challenges to prison disciplinary proceedings that affect the length of confinement, such as deprivation of good time credits, Muhammad v. Close, 540 U.S. 749 (2004) and Edwards v. Balisok, 520 U.S. 641 (1997).  See also Wilkinson v. Dotson, 125 S.Ct. 1242 (2005).  In addition, where a prisoner seeks a "quantum change" in the level of custody, for example, where a prisoner claims to be entitled to probation or bond or parole, habeas is the appropriate form of action.  See, e.g., Graham v. Broglin, 922 F.2d 379 (7th Cir. 1991) and cases cited therein.  See also Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 237 (3d Cir. 2005) (challenge to regulations limiting pre-release transfer to community corrections centers properly brought in habeas); Macia v. Williamson, 2007 WL 748663 (3d Cir. 2007) (finding habeas jurisdiction in challenge to disciplinary hearing that resulting in sanctions including loss of good-time credits, disciplinary segregation, and disciplinary transfer).

The Court of Appeals for the Third Circuit has held that habeas corpus is an appropriate mechanism, also, for a federal prisoner to challenge the execution of his sentence. See Coady v. Vaughn, 251 F.3d 480, 485-86 (3d Cir. 2001) (noting that federal prisoners may challenge the denial of parole under § 2241); Barden v. Keohane, 921 F.2d 476, 478-79 (3d Cir. 1990) (challenge to BOP refusal to consider prisoner's request that state prison be designated place for service of federal sentence).

The Court of Appeals has noted, however, that "the precise meaning of 'execution of the sentence' is hazy." Woodall, 432 F.3d at 237. To the extent a prisoner challenges his conditions of confinement, such claims must be raised by way of a civil rights action. See Leamer v. Fauver, 288 F.3d 532 (3d Cir. 2002). See also Ganim v. Federal Bureau of Prisons, 235 Fed.Appx. 882, 2007 WL 1539942 (3d Cir. 2007) (challenge to garden-variety transfer not cognizable in habeas); Castillo v. FBOP FCI Fort Dix, 221 Fed.Appx. 172, 2007 WL 1031279 (3d Cir. 2007) (habeas is proper vehicle to challenge disciplinary proceeding resulting in loss of good-time credits, but claims regarding sanctioned loss of phone and visitation privileges not cognizable in habeas).

Here, Petitioner's claim of inadequate medical care is the type of challenge to conditions of confinement that must be

brought by way of a civil action or action for declaratory and injunctive relief.  See, e.g., Summat v. U.S. Bureau of Prisons, 413 F.3d 1225 (10th Cir. 2005).  The fact that Petitioner has requested transfer or release as a form of relief does not change the essential nature of the action as one challenging conditions of confinement.  Any transfer or change in custody level must come as injunctive relief in a civil action.  See McCarty v. Pitzer, 114 F.3d 1191, 1997 WL 225869 *3 (7th Cir. 1997); Morena v. Gonzales, 2005 WL 1367414 *2 (M.D. Pa. 2005); Kamara v. Farquharson, 2 F.Supp.2d 81, 89 (D. Mass. 1998).

Because Petitioner has not prepaid the $350.00 filing fee, and because of the consequences that flow from a grant of leave to proceed in forma pauperis in a civil rights action, this Court will not construe this matter as a civil rights complaint.  See 28 U.S.C. § 1915.  Instead, this Petition will be dismissed and the Clerk of the Court will be directed to open a new, civil action.  Petitioner will be granted leave to advise the Court whether he wishes to proceed with this matter as a civil action.

This Court expresses no opinion as to the merits of Petitioner's claim.

IV.  CONCLUSION

For the reasons set forth above, this Petition will be dismissed.  An appropriate order follows.


                                         **s/ Jerome B. Simandle**
                                         Jerome B. Simandle
                                         United States District Judge

Dated:  **June 5, 2008**